# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENTEX CORP., Plaintiff | No. 09cv1209 |
| v. | (Judge Munley) |
| A.J. HUGHES SCREW PRODUCTS CO., INC., Defendant | |

## ORDER

Before the court is plaintiff's request for a default judgment and assessment of damages against defendant (Doc. 6), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The matter is now ripe for disposition.

**BACKGROUND**

Plaintiff Gentex Corp. ("Gentex"), a military helmet manufacturer, filed its complaint in this court on June 25, 2009. (Compl. (Doc. 1)). Plaintiff asserts a breach of contract (Count I) against Defendant A.J. Hughes Screw Products Company, Inc. ("A.J. Hughes") for delivering non-conforming screws. (Compl. (Doc. 1)). Plaintiff also asserts a claim of fraud (Count II) against defendant for certifying the screws as meeting the military specifications when they in fact did not. (Id.) Lastly, plaintiff claims a breach of duty of good faith and fair dealing (Count III) against defendant for shipping non-conforming screws and falsely representing that they were conforming. (Id.) On Count I, plaintiff seeks contract damages and interest. On Count II, plaintiff seeks compensatory and punitive damages.[1] On Count III, plaintiff seeks compensatory damages.

---

[1] Plaintiff indicated at the damages hearing that it is not seeking punitive damages based on its fraud claim at this point. Therefore the court will address only the contract damages.

Plaintiff served Doreen Raimondi, as co-owner and authorized agent for A.J. Hughes, with a copy of the summons and complaint on September 24, 2009. (Affidavit of Service (Doc. 3)). On October 21, 2009 this court noted that defendant had not answered and prompted plaintiff to further the action. (Doc. 4). Plaintiff requested that the Clerk of Court enter defendant's default, pursuant to Federal Rule of Civil Procedure 55(a), on October 30, 2009. (Doc. 5). Simultaneously, plaintiff applied for an entry of default judgment against defendant pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 6).

On November 2, 2009 the Clerk entered default against defendant. (Doc. 7). The court held a damages hearing on January 19, 2010 where plaintiff presented its evidence on damages, bringing the case to its present posture.

**DISCUSSION**

At the damages hearing plaintiff-witness Erin Fitzpatrick ("Fitzpatrick"), an employee of Gentex, testified that A.J. Hughes contracted to supply military specification screws to be used in Gentex's military helmets. She further testified that A.J. Hughes actually supplied screws of a lower quality alloy which did not meet military specifications and therefore did not conform with the contract.

Fitzpatrick testified to the following items of damages resulting from A.J. Hughes's breach of contract: $80,247.17 to obtain conforming replacement screws; $340,758.58 in labor and expenses in removing non-conforming screws from helmets and replacing them with the conforming screws; $179,749.07 for overcharging plaintiff for screws over the course of the contract; and $124,564.00 for helmets Gentex provided to the government free-of-charge to make up for helmets it supplied that contained non-conforming screws. The subtotal for these items of damage

is $725,318.82. Erin Fitzpatrick also testified that Gentex withheld an open invoice for $53,203.80 owed to A.J. Hughes. Subtracting this withholding from the $725,318.82 subtotal leaves net damages of $672,115.02.

The replacement screws, costing $80,247.17, represent a reasonable purchase of substitute goods. Plaintiff is therefore entitled to that amount as cover damages. See 13 Pa. C.S.A. § 2712.

The labor and expenses, costing $340,758.58, to remove non-conforming screws from helmets and replace them with the conforming screws is a "loss resulting in the ordinary course of events from the breach of the seller[.]" 13 Pa. C.S.A. § 2714(a). Plaintiff is therefore entitled to that amount as damages for accepted nonconforming goods. Id. In addition, plaintiff may recover $179,749.07 for non-conforming screws that it accepted over the course of the contract and for which it overpaid. See Id.

The helmets plaintiff gave to the government free-of-charge, valued at $124,564.00, are a "loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover[.]" 13 Pa. C.S.A. § 2715(b). The contract required A.J. Hughes to supply screws that met military specifications. A.J. Hughes knew that Gentex was under contract with the government to supply military helmets. A.J. Hughes knew that if Gentex supplied the government with helmets that included non-military specification components Gentex would risk its contract with the government. Finally, since Gentex had already supplied the government with helmets containing the non-conforming screws, this loss could not reasonably have been prevented by cover. Therefore, plaintiff is entitled to the value of the helmets it supplied free-of-charge to the government as consequential damages resulting from A.J. Hughes's

3

breach.

Finally, plaintiff was entitled to retain $53,203.80 from an unpaid invoice still due to A.J. Hughes under the contract. See 13 Pa. C.S.A. § 2717. This amount will be credited against the damages owed by A.J. Hughes.

**CONCLUSION**

For the above-stated reasons, plaintiff's request for a default judgment and assessment of damages against defendant will be granted. Damages will be assessed against defendant in the amount of $672,115.02. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENTEX CORP., | : | No. 09cv1209 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| A.J. HUGHES SCREW PRODUCTS CO., INC., | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 3rd day of February 2010, upon consideration of plaintiff's request for a default judgment and assessment of damages (Doc. 6), it is HEREBY **ORDERED** that the Clerk of Court shall enter default judgment against defendant and assess damages in the amount of $672,115.02 and close this case.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley**

                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**